# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**  Plaintiff,  v.  **FOX BROADCASTING COMPANY and FOX NETWORKS GROUP, INC.**  Defendants. | **CIVIL ACTION NO.**  **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Personal Audio, LLC ("Personal Audio") makes the following allegations against Fox Broadcasting Company ("FBC") and Fox Networks Group, Inc. ("FNG") (defendants collectively referred to as "Fox").

## PARTIES

2. Plaintiff Personal Audio ("Plaintiff" or "Personal Audio") is a Texas limited liability company with its principal place of business at 3827 Phelan Blvd., Suite 180, Beaumont, Texas 77707.

3. On information and belief, FBC is a corporation organized and existing under the laws of the state of Delaware with its principle place of business located at 10201 West Pico Boulevard, Los Angeles, CA 90035.

4. On information and belief, FNG is a corporation organized and existing under the laws of the state of Delaware with its principle place of business located at 10201 West Pico Boulevard, Los Angeles, CA 90035. On information and belief, FBC is a direct subsidiary of FNG.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Fox has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

7. On information and belief, Fox is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,112,504

8. Plaintiff is the owner of United States Patent No. 8,112,504 B2 ("the '504 patent") entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence." The '504 Patent issued on February 7, 2012. A true and correct copy of the '504 Patent is attached as Exhibit A.

9. By at least June 26, 2013, Plaintiff gave notice to Fox of its rights in the '504 patent via letter to Gaude Lydia Paez, upon information and belief, Vice President of Corporate Communications at FOX Broadcasting Company located at 10201 West Pico Blvd., Los Angeles, CA 90035 from Bradley D. Liddle, Licensing Director and General Counsel of Personal Audio, located in Texas.

10. In response to the letter, on July 23, 2013, Georgann Grunebach, upon information and belief, Vice President of Intellectual Property at Fox Group Legal, located at 2121 Avenue of the Stars in Los Angeles, CA, had a pleasant discussion regarding licensing the '504 patent with Bradley D. Liddle.

11. Nevertheless, Fox filed a declaratory judgment action against Personal Audio in the District Court for the District of Massachusetts. To date, Fox has offered no explanation, theory or legal defense to the '504 patent, other than cryptic references to supposed "Internet

Radio" prior art found in the spartan complaint filed in the District Court for the District of Massachusetts.  Upon information and belief, Fox has yet to serve the complaint filed as of August 6, 2013.

12. The '504 patent is directed to the distribution of episodic media content.  Upon information and belief, Defendant Fox has been and now is directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, at least using an apparatus that infringe one or more claims of the '504 patent. Defendant Fox is thus liable for infringement of the '504 Patent pursuant to 35 U.S.C. § 271.

13. With respect to Fox's dissemination of episodic video content, while the preamble to the claim should not necessarily be construed as limiting, based on present information and belief, Fox at least uses an apparatus that disseminates a series of episodes represented by media files via the Internet, as described below.

14. For example, the web pages (and associated data storage servers and communication interfaces) at http://www.fox.com/ are used to disseminate a series of episodes represented by various media files via communication interfaces connected to the Internet.

15. Based on present information and belief, the apparatus used by Fox comprise one or more data storage servers.  These servers store, for example, the media files representing the episodes.  Based on present information and belief, various communication interfaces exist to communicate with the servers via the Internet used by Fox, for example, to make the media files representing the episodes available from the data storage servers.

16. Based on present information and belief, the communication interfaces receive requests for data from remotely located client devices.  In accordance of the operation of the Internet, the communications interfaces allow receiving requests from remotely located client devices and the servers respond accordingly.  Examples of such data files include, but are not limited to, HTML files (for example, for the web pages). Web pages are identified by a particular URL.

17. For example, typing into a browser (or cutting and pasting, or otherwise navigating to) the URL http://www.fox.com/masterchef/full-episodes/ causes a data file identified by that URL to be downloaded to the user's device.

18. Based on present information and belief, processors are coupled to the data storage servers and to the Internet communication interfaces, which are used as described below.

A processor is required to manipulate digital data (such as URLs) in order to communicate data between, for example, the data storage servers and a client device.

19. Based on present information and belief, as new episodes become available, each episode is stored in the data storage servers as a media file at a location specified by unique URL. For example, episodes of the "Master Chef" show are stored at separate URLs. For example, by clicking on links at URL http://www.fox.com/masterchef/full-episodes/, a media file at a unique episode URL can be accessed. When a particular episode of the show is "clicked," a request for the particular episode is sent, which is stored at (one or more) unique episode URLs.

20. Based on present information and belief, as new episodes become available, the HTML compilation file listing the various episodes is updated so that subscribers can access the new episode. The compilation file contains attribute data which describes the episodes. The HTML compilation files would be stored in a data storage servers for use via the Internet. For example, in the HTML compilation file for the "Master Chef" show located at the predetermined URL http://www.fox.com/masterchef/full-episodes/, various episodes in the series of the show can be found with description.

21. Based on present information and belief, the attribute data for each of the episodes includes displayable text describing the given episode and URLs specifying the storage locations for the corresponding media files for that episode. For example, as shown below, there is displayable text in the HTML compilation file describing the episodes and URLs that specify the storage location for the episodes at given dates.

22. Based on present information and belief, the Internet communication interfaces are used as described below.

23. Based on present information and belief, requests are received from client devices for the compilation file described above, which is an HTML file located at a predetermined URL. For example, the web page at the URL http://www.fox.com/masterchef/full-episodes/ is updated as new episodes of the "Master Chef" show become available.

24. Based on present information and belief, the HTML compilation file is downloaded to requesting devices. For example, typing into a browser (or cutting and pasting, or otherwise navigating to) the URL http://www.fox.com/masterchef/full-episodes/ causes a data file identified by that URL to be downloaded to the user's device.

25. Based on present information and belief, once the compilation file is downloaded, the servers receive and respond to requests from client devices for particular episodes, which are identified by unique URLs in the latest version of the compilation file.  For example, after the updated compilation file at the URL http://www.fox.com/masterchef/full-episodes/ is downloaded, "clicking" on a link to a particular episode at the above URL causes access to a particular episode that is identified by a unique URL.

26. Based on present information and belief, at least some of said media files for episodes contain digital compressed audio recordings that may be reproduced in audible form by a requesting client device.  For example, upon information and belief, the "Master Chef" episodes are compatible with Flash Video and HTML5, which both use digital audio compression.

27. Based on present information and belief, at least some of said media files contain text data which may be displayed or reproduced in spoken audible form by a requesting client device.  For example, by activating the "closed caps" part of the video screen (by "clicking" on that part of the screen with a mouse), text data corresponding to the spoken audio is displayed during video playback.

28. Based on present information and belief, attribute data for each given one of said episodes further includes displayable text data describing said given one of said episodes.  Each of the currently available episodes includes displayable text data describing the episode.

29. Thus, Fox has been and continues to infringe at least claims 31, 32, 33 and 34 of the '504 patent through the dissemination of video media content.  In the alternative, because the manner of use by Fox differs in no substantial way from the claims of the patent, if Fox is not found to literally infringe, Fox infringes under the doctrine of equivalents.

30. Moreover, Fox also infringes by disseminating episodes of podcasts over the Internet.  For example, the web pages (and associated data storage servers and communication interfaces) at http://feeds.foxnewsradio.com/tomsullivan are used to disseminate a series of episodes represented by various media files via communication interfaces connected to the Internet.

31. Based on present information and belief, the apparatus used by Fox comprise one or more data storage servers.  These servers store, for example, the media files representing the episodes.

32. Based on present information and belief, various communication interfaces exist to communicate with the servers via the Internet used by Fox, for example, to make the media files representing the episodes available from the data storage servers.

33. Based on present information and belief, the communication interfaces receive requests for data from remotely located client devices. In accordance of the operation of the Internet, the communications interfaces allow receiving requests from remotely located client devices and the servers respond accordingly. Examples of such data files include, but are not limited to, HTML files (for example, for the web pages). Web pages are identified by a particular URL. For example, typing into a browser (or cutting and pasting, or otherwise navigating to) the URL http://feeds.foxnewsradio.com/tomsullivan causes a data file identified by that URL to be downloaded to the user's device.

34. Based on present information and belief, processors are coupled to the data storage servers and to the Internet communication interfaces, which are used as described below. A processor is required to manipulate digital data (such as URLs) in order to communicate data between, for example, the data storage servers and a client device.

35. Based on present information and belief, as new episodes become available, each episode is stored in the data storage servers as a media file at a location specified by unique URL. For example, episodes of the Tom Sullivan podcast are stored at separate URLs which may be accessed separately as shown below. When a particular episode is "clicked," a request for the particular episode is sent, which is stored at (one or more) unique episode URLs. The URLs for the various episodes are contained in the html compilation file, along with the descriptions.

36. Based on present information and belief, as new episodes become available, the HTML compilation file listing the various episodes is updated so that subscribers can access the new episode. The compilation file contains attribute data which describes the episodes. The HTML compilation files would be stored in a data storage servers for use via the Internet. For example, in the HTML compilation file for the Tom Sullivan podcast located at the predetermined URL http://feeds.foxnewsradio.com/tomsullivan various episodes in the series of the show can be found with description. Based on present information and belief, the attribute data for each of the episodes includes displayable text describing the given episode and URLs specifying the storage locations for the corresponding media files for that episode.

37. Based on present information and belief, the Internet communication interfaces are used as described below. Based on present information and belief, requests are received from client devices for the compilation file described above, which is an HTML file located at a predetermined URL. For example, the HTML file at the URL http://feeds.foxnewsradio.com/tomsullivan is updated as new episodes of the Tom Sullivan podcast become available.

38. Based on present information and belief, the HTML compilation file is downloaded to requesting devices. For example, typing into a browser (or cutting and pasting, or otherwise navigating to) the URL http://feeds.foxnewsradio.com/tomsullivan causes a data file identified by that URL to be downloaded to the user's device.

39. Based on present information and belief, once the compilation file is downloaded, the servers receive and respond to requests from client devices for particular episodes, which are identified by unique URLs in the latest version of the compilation file. For example, after the updated compilation file at the URL URL http://feeds.foxnewsradio.com/tomsullivan is downloaded, "clicking" on a link to a particular episode at the above URL causes access to a particular episode that is identified by a unique URL, as shown above.

40. Based on present information and belief, at least some of said media files for episodes contain digital compressed audio recordings that may be reproduced in audible form by a requesting client device. For example, upon information and belief, the audio podcasts are compatible with .mp3, which has digital audio compression.

41. Thus, Fox has been and continues to infringe at least claims 31 and 32 of the '504 patent through the dissemination of podcasting media content. In the alternative, because the manner of use by Fox differs in no substantial way from the claims of the patent, if Fox is not found to literally infringe, Fox infringes under the doctrine of equivalents

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '504 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '504 Patent as provided under 35 U.S.C. § 284;

3.  An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.  Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

Dated:  August 6, 2013

*/s/ Papool S. Chaudhari*

By: _____
Papool S. Chaudhari
Texas State Bar No. 24076978
CHAUDHARI LAW, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
(646) 571-2001 Fax
jpitcock@pitcocklawgroup.com

**ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC**