IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FOX BROADCASTING COMPANY and FOX NETWORKS GROUP, INC.**<br><br>Defendants. | **CIVIL ACTION NO. 2:13-cv-577**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF PERSONAL AUDIO, LLC'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiff Personal Audio, LLC ("Plaintiff") respectfully moves the Court to strike Defendants FOX Broadcasting Company and FOX Networks Group, Inc. (collectively, "Defendants") affirmative defenses.

## INTRODUCTION

The Federal Rules of Civil Procedure require that facts be pleaded in support of affirmative defenses. Defendants fail to cite any facts in support of these affirmative defenses. Thus, Defendants' pleadings are insufficient and the affirmative defenses should be struck pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## BACKGROUND

On August 6, 2013, Plaintiff filed a Complaint for patent infringement concerning claims of U.S. Patent No. 8,112,504 against Defendants. This Complaint contains detailed allegations

concerning the infringement by Defendants. *See* Complaint at ¶¶ 13-40. On October 2, 2013, Defendants filed an Answer.

No facts were pleaded in support of Defendants' affirmative defenses, contrary to the requirement of Rule 8 of the Federal Rules of Civil Procedure. In fact, Defendants' First Affirmative Defense reads: "The '504 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112." Thus, Defendants apparently are claiming the patent might be non-statutory subject matter (35 U.S.C. § 101), anticipated and/or rendered obvious by prior art (35 U.S.C. §§ 102 and 103) and — without limitation, of course — indefinite under 35 U.S.C. § 112. No information is given in order to accurately identify any prior art. No citations to any products, printed publications and/or patents. In short, Plaintiff is left to guess at what Defendants are claiming as prior art, and there is no information that would allow Plaintiff to investigate further Defendants' claim.

Defendants' Second Affirmative Defense reads: Defendants "[do] not infringe any valid claim of the '504 Patent either literally or under the doctrine of equivalents." Of course, this mishmash of an affirmative defense leaves it unclear to the reader whether Defendants are claiming the patent claims are not infringed or—potentially in the alternative—whether infringement is occurring but the claims are (somehow) not valid. Depending on the defense actually raised here, the burden of proof may shift from one party to the other, as well as the standard of carrying the burden. However, Plaintiff (and the Court) is left without any means of determining the viability of any of these supposed defenses, as not a single fact is pleaded in support.

Defendants' Third and Fourth Affirmative Defenses deal with supposed deficiencies in Plaintiff's case. No facts are pled in support of such deficiencies, so it is impossible to determine the nature or sufficiency of Defendants' supposed remaining affirmative defenses.

Defendants' Fifth Affirmative Defense reads: "Plaintiff's claims for damages and costs are statutorily limited, at least, by 35 U.S.C. §§ 286, 287, and/or 288." No facts are pleaded in support of this Affirmative Defense, which makes it difficult to evaluate. Indeed, 35 U.S.C. 286 is a six year statute of limitations on damages for patent infringement, which is much further back than the issue date of the patent-in-suit, and would seem to have no applicability here.

Defendants' Sixth Affirmative Defense reads: "Plaintiff's claims are barred under principles of laches, waiver, and/or estoppel." No facts are pleaded in support of these defenses whatsoever.

Defendants' Eighth Affirmative Defense purportedly reserves the right to plead additional affirmative defenses not contained in the pleadings, which is directly contrary to the Federal Rules of Civil Procedure, as well as the pleading standard of *Iqbal* and *Twombly*.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff now seeks dismissal of Defendants' affirmative defenses.

**LEGAL STANDARD**

An affirmative defense is defined as "[a] defendant's assertion raising <u>new facts</u> and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." *Black's Law Dictionary*, 436 (7th ed. 1999) (emphasis added).

Fed. R. Civ. P. 12(f) states "[t]he court may strike from a pleading an insufficient defense . . . ." The Fifth Circuit has held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In

*Brink*, Judge Janis Graham Jack followed the example of the numerous district courts that found the plausibility standard of *Twombly* and *Iqbal* applicable to assessing the sufficiency of affirmative defenses. *U.S. v. Brink*, 2011 WL 835828, *3 (S.D. Tex.) (internal citations omitted); *see also Vargas v. HWC General Maintenance, LLC*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. March 20, 2012) (applying *Twombly* and Iqbal standard to affirmative defenses and dismissing same); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (noting that "the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses").[1] "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis." *Tran v. Thai*, No. 4:08-cv-03650, 2010 U.S. Dist. LEXIS 17946, at *3 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (quoting *Woodfield*, 193 F.3d at 362).

**ARGUMENT**

Instead of pleading facts to support a defense regarding the patent-in-suit, Defendants' pleadings are nothing "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 557. Moreover, under 35 U.S.C. § 282, an issued patent "shall be presumed valid." *See Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2245-46 (2011). That presumption places a high burden on parties seeking to invalidate a U.S. Patent, reflected in the "clear and convincing" standard of evidence. *See i4i*,

---

[1] *See*, *e.g.*, *OSF Healthcare Syst. v. Banno*, 2010 U.S. Dist. LEXIS 7584 *3 (C.D. Ill. Jan. 5, 2010) (citing *Twombly* and *Iqbal*, the court concluded that "the affirmative defense, as pled, must offer enough facts to show the defense is plausible on its face"); *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *Sales Board v. Pfizer*, 2009 U.S. Dist. LEXIS 69714 at *19-20 (D. Minn. Aug. 10, 2009) (holding that *Iqbal* applies to affirmative defenses and stating that affirmative defenses must be based on factual allegations that give rise to the relief requested); *Gibson v. Officemax, Inc.*, 2009 U.S. Dist. LEXIS 127111 (W.D. Okla. Jan. 30, 2009) ("[A] defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.").

131 S. Ct. at 2246 (the presumption of validity creates "'a heavy burden of persuasion,' requiring proof of the defense by clear and convincing evidence . . . . the presumption encompassed not only an allocation of the burden of proof but also an imposition of a heightened standard of proof."). Thus, a defendant's affirmative defense of invalidity would have to be detailed in order to be plausible, particularly in light of the standard for proving such an invalidity counterclaim or defense.

The lack of any detail in the affirmative defenses is particularly egregious here as Plaintiff's complaint contains detailed allegations demonstrating how Defendants infringe the patent-in-suit. *See* Complaint at ¶¶ 13-40 (explaining in detail how the dissemination of FOX's TV show "Masterchef" and a FOX audio podcast infringe the patent-in-suit). With so much detail as to how Plaintiff contends Defendants infringe the patents, Defendants have the ability—and duty under the law—to present their position as to *why* Defendants do not believe they infringe the patent-in-suit and *why* the patent is invalid rather than merely stating they do not infringe and that the patent is invalid if they intend to raise proper affirmative defenses.

Defendants' affirmative defenses are pled as conclusory statements with no support whatsoever. "Mere conclusory assertions are not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus, do not meet Rule 8(a)'s pleading standards." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008). Indeed, as noted above, it is not even clear which defense is being pleaded. Thus, all of Defendants' affirmative defenses should be struck pursuant to Rule 12(f).

**CONCLUSION**

As Defendants fail to properly plead any affirmative defenses, Plaintiff respectfully requests the Court strike Defendants' affirmative defenses.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **PERSONAL AUDIO, LLC** |
|  | */s/ Papool S. Chaudhari* |
| Dated: October 23, 2013 | By:_____ |

        Jeremy S. Pitcock
        PITCOCK LAW GROUP
        1501 Broadway, 12th Floor
        New York, NY 10036
        (646) 571-2237
        (646) 571-2001 Fax
        jpitcock@pitcocklawgroup.com

        T. John Ward
        State Bar No. 20848000
        T. John Ward, Jr.
        State Bar No. 00794818
        WARD & SMITH LAW FIRM
        P.O. Box 1231
        Longview, Texas 75606-1231
        (903) 757-6400 (telephone)
        (903) 757-2323 (facsimile)
        E-mail: tjw@wsfirm.com
        E-mail: jw@wsfirm.com

        Papool S. Chaudhari
        Texas State Bar No. 24076978
        CHAUDHARI LAW, PLLC
        P.O. Box 1863
        Wylie, Texas 75098
        Phone: (214) 702-1150
        Fax: (214) 705-3775
        Papool@ChaudhariLaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5(d) and Local

Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 24th day of October, 2013.

                                              */s/ Papool S. Chaudhari*

                                              Papool S. Chaudhari

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(h), counsel for Plaintiff Papool Chaudhari engaged in a meet and confer with counsel for Defendants Jennifer Ainsworth on October 24, 2013.  All parties were given an opportunity to express their views concerning the disputes.  No agreement could be reached as Defendants will not agree to strike their affirmative defenses and Plaintiff will not withdraw the motion.  Accordingly, the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                              */s/ Papool S. Chaudhari*

                                              Papool S. Chaudhari